UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COBRA METAL WORKS CORPORATION,

    Plaintiff/Counter Defendant

Vs                                                Case No: 09-14022
                                                Honorable Victoria A. Roberts

BRP ACQUISITION GROUP, INC.,
d/b/a BLACK RIVER PLASTICS,

    Defendant/Counter-Plaintiff.

And

DON LEUCIUC, VOICHITA I. LEUCIUC, SERGIU
NICOARA AND ALESCA, LLC,

    Parties of Interest.
_____/

**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR
THE TURNOVER OF PROCEEDS OF STATE COURT LITIGATION (DOC. 106)**

**I.  INTRODUCTION AND BACKGROUND**

The facts in this case are undisputed. The Court, following settlement of the 2009 breach of contract claim between Cobra Metal Works Corporation ("Cobra") and BRP Acquisition Group, Inc. d/b/a Black River Plastics ("BRP"), entered a consent judgment against BRP on August 25, 2010 in the amount of $55,000. BRP has failed to pay.

In May 2010, BRP filed a state court action in Macomb County Circuit Court against Dan Leuciuc, Voichita I. Leuciuc, Sergiu Nicoara, and Alseca, L.L.C., ("Leuciuc Non-Parties"). That case was dismissed, appealed, and remanded. It is now before the circuit court; the status of the case is unknown.

1

Beginning in August 2012, Cobra obtained writs of garnishment against BRP with all of the Leuciuc Non-Parties as garnishees. Cobra was unable to collect any money. Cobra tried again in October 2012; but, again, was unsuccessful.

Cobra filed this Amended Motion — originally seeking to join the Leuciuc Non-Parties and an Order attaching any proceeds BRP may receive from the state court litigation. However, Cobra dropped its joinder request in its reply brief.

BRP and the Leuciuc Non-Parties filed responses opposing the joinder request. BRP requests sanctions because of Cobra's joinder request. But, BRP did not address Cobra's request for the future litigation proceeds.

Because Cobra's joinder request has been dropped, the Court will not address it, or BRP's request for sanctions. The Court will only address Cobra's unopposed motion for future litigation proceeds.

For the reasons stated, Cobra's Amended Motion for the Turnover of State Court Litigation Proceeds is **DENIED.**

## II. ANALYSIS

This motion is governed in part by Federal Rule of Civil Procedure 69. Where an action is brought in federal court, Rule 69 allows a party who holds a money judgment "to obtain enforcement remedies against an opposing party." *Lewis v. United Joint Venture*, 691 F.3d 835, 839 (6th Cir. 2012) (citing Fed. R. Civ. P. 69). "Rule 69 requires an enforcing court to 'accord with the procedure of the state where the court is located' unless a federal statute provides an alternative procedure." *Id.* (quoting Fed. R. Civ. P. 69(a)(1).

Thus, "[i]n observing the mandate of [R]ule 69(a)," if a federal statute does not apply, then the district court applies the law of the state in which it sits. *Duchek v. Jacobi*, 646 F.2d 415, 416 (9th Cir. 1981).

No federal statute is cited or applicable to these proceedings; Michigan law applies.

**A.  The Court Has Broad Discretion Not to Issue The Requested Order**

Cobra says that Michigan Compiled Laws § 600.6104 gives the Court broad authority to issue the requested order. Specifically, Cobra requests relief under either § 6104(3) or § 6104(5).

Mich. Comp. L. § 600.6104 provides:

After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:

(3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or liquidated, not exempt from execution;

(5) Make any order as within his discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Under Michigan law, a court has "extremely broad authorization to aid execution on their judgments[.]" *Rogers v. Webster,* No. 84-1096, 1985 WL 13788 (C.A. 6 (Mich.) Oct. 22, 1985). That authority is exhibited by § 6104(5) which "allow[s] the court, at its 'discretion,' to make 'any order' that 'seems appropriate.'" *Green v. Ziegelman*, 767 N.W.2d 660, 667 (Mich. Ct. App. 2009).

Although "[a] court has the basic responsibility of enforcing its own orders," it has "considerable discretion" in deciding "the means to be employed." *Hofmeister v. Randall*, 335 N.W. 2d 65, 66 (Mich. Ct. App. 1983) (citing *Butler v. Butler*, 97 N.W.2d 67 (Mich. 1959)).

Cobra has tried to collect on its judgment against BRP twice by attempting to garnish BRP in the last eight months. Both times the Leuciuc Non-Parties were the garnishees. Although Cobra has been unsuccessful, it has not exhausted its collection options.

Michigan law provides Cobra with many traditional, less drastic methods of collection. *See, e.g.,* M.C.L § 600.6104. For example: If BRP has assets under its control that could satisfy the judgment, Cobra could compel discovery to uncover those assets, *Id.* § 6104(1); Cobra could prevent BRP from transferring or hiding those assets, *Id.* § 6104(2); or, Cobra could ask that a receiver be appointed to monitor any present or future assets, *Id.* § 6104(4). Cobra could also continue to seek garnishments or levies through alternative garnishees. This list is not exhaustive, but is meant to demonstrate that Cobra has options.

Moreover, Cobra's judgment against BRP has a 10-year limitations period. *See* M.C.L. § 600.5809(e) ("[T]he period of limitations is 10 years for any action founded upon a judgment or decree rendered in a court of record of this state . . . from the time of the rendition of the judgment or decree.").

Cobra's request to attach unidentified profits BRP may receive from a state lawsuit is not only hasty, but drastic. Not only does the Court feel it is not its place to issue such an order, thus invading the province of another court, but the status of that case is unknown. Also, there is no indication from any party what money, if any, BRP will receive.

Finally, there are no facts to support the assertion that BRP is actively trying to avoid paying the judgment. The record before the Court shows that BRP has simply not satisfied the judgment yet.

Under its broad discretion to aid judgment creditors, a Court may choose to not interfere. The Court makes that choice in this litigation.

### B. Cobra's Authority is Distinguishable

Cobra relies predominantly on *U.S. ex rel. Scott v. Metropolitan Health Corp.* to support its request. *Scott* is distinguishable.

The *Scott* decision was a subsequent proceeding after a False Claims Act case between Mary Scott and Metropolitan Health Corporation ("Metropolitan") had been settled. *U.S. ex rel. Scott v. Metropolitan Health Corp.*, No. 02-485, 2005 WL 3434830, *1 (W.D. Mich. Dec. 13, 2005). After the settlement, Scott filed another lawsuit against Metropolitan. *Id.* The Court found that claim to be illegitimate and found Scott liable for numerous fraudulent and unethical acts. *Id.* Metropolitan obtained a judgment against Scott for attorney's fees and expenses. *Id.* at *2. Metropolitan requested additional relief in collecting on its judgment because Scott was attempting to hide assets and evade paying the judgment. *Id.* at *11.

The *Scott* court granted Metropolitan's request for relief under Mich. Comp. L. § 600.6104(3) and (5), to prevent Scott from "fraudulent collection avoidance." *Id.* at *12. Moreover, the Court imposed this remedy primarily because of Scott's history of bad faith, frivolous conduct, and fraud. *See, id.* Finally, Scott exhibited a course of conduct not seen here.

The Court has no information as to why BRP has not paid the judgment. Cobra has not demonstrated bad faith by BRP. There are no facts to conclude that BRP will not pay the judgment in the future. *Scott* is an extreme case where the district court felt it prudent to take drastic measures to fit the situation.

### III. CONCLUSION

Cobra's Motion for the Attachment of Future State Court Proceeds is **DENIED.**

**IT IS O ORDERED.**

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: April 11, 2013

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 11, 2013.

S/Linda Vertriest
Deputy Clerk

---